IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL GEEO, Individually and on Behalf of All Others Similarly Situated, § § § § | | |
| Plaintiff, § | CIVIL ACTION NO. 3:21-cv-2778 | |
| v. § § | COLLECTIVE ACTION | |
| KIWI SERVICES, INC., § § | DEMAND FOR JURY TRIAL | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Daniel Geeo ("Geeo"), individually and on behalf of all others similarly situated, files this Complaint against Defendant Kiwi Services, Inc. ("Kiwi" or "Defendant"), showing in support as follows:

### I.     NATURE OF ACTION

1.     This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Geeo time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant for the period of time beginning three years prior to the filing of this lawsuit and forward.

2.     Pursuant to 29 U.S.C. § 216(b), Geeo files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former misclassified independent contractors who worked for Defendant while paid on a commission basis, and who, like Geeo, were not paid time and one-half their respective rates of pay for all hours worked over 40 in each

1

seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.    Geeo and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES

### A.    Plaintiff Daniel Geeo

4.    Geeo is an individual residing in Wellington, Colorado. Geeo has standing to file this lawsuit.

5.    Defendant employed Geeo from in or about late January 2021 through in or about August 2021 as a Sales Technician.

6.    At material times, Geeo was paid on a strictly commissions basis. Geeo typically worked an average of 70 hours per work week; however, Defendant did not pay him any overtime premium wages because Defendant misclassified Geeo as an independent contractor.

7.    Geeo's written consent to participate in this lawsuit is filed along with this Original Complaint as **Exhibit 1**.

### B.    Putative Collective Action Members

8.    The putative Collective Action Members are:

All individuals who worked as Sales Technicians while misclassified as independent contractors companywide at any time from the three-year period prior to the filing of this lawsuit to the present.

9.    Geeo and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

**C.      Defendant Kiwi Services, Inc.**

10.     Defendant Kiwi Services, Inc. is a corporation organized under the laws of the State of Texas.

11.     During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

12.     Defendant' principal place of business is located at 2245 Keller Way, Suite 250, Carrollton, Dallas County, Texas 75006.

13.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA. *See* 29 U.S.C. § 203(s)(1).

14.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15.     Defendant is/was an employer of Geeo and the putative Collective Action Members. *See* 29 U.S.C. § 203(d).

16.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold, or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. *See* 29 U.S.C. §§ 206-207. Examples of such goods and/or materials include: computers, paper, pens, telephones, and other supplies/materials used in connection with Defendant's business operations.

17.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume of at least $500,000.

18.     Defendant may be served with summons through its registered agent, Hassan M. Abu-Eideh, at 2245 Keller Way, Suite 250, Carrollton, Texas 75006.

### III. JURISDICTION AND VENUE

19. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331.

20. The United States District Court for the Northern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Texas and in this District.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV. FACTUAL BACKGROUND

22. Defendant is a residential and commercial cleaning and restoration services company. Specifically, Defendant is engaged in the business of cleaning rugs, carpets, furniture, upholstery, air ducts, tile and grout, and hardwood floors in its customers' homes and businesses. It also provides restoration services as the result of fire and water damage, as well as mold remediation.

23. To do this work, Defendant employs Sales Technicians, like Geeo and the putative Collective Action Members, who are the individuals who perform the cleaning and restoration services for Defendant's customers.

24. Geeo worked for Defendant as a Sales Technician. He worked in the Dallas/Fort Worth Metroplex from in or about late January 2021 through early August 2021.

25. Defendant misclassifies its Sales Technicians, like Geeo and the putative Collective Action Members, as independent contractors.

26. However, Defendant retains significant control over all aspects of its Sales Technicians' employment.

27. The following conduct demonstrates that Defendant acted like an employer with respect to Geeo and the putative Collective Action members:

    a. Defendant instructed Geeo and the putative Collective Action Members about when, where, and how they were to perform their work;

    b. Defendant required Geeo and the putative Collective Action Members to report to their first job of the workday by a specific time;

    c. Defendant required Geeo and the putative Collective Action Members to check in via a "field app" on their mobile devices to indicate when they were on their way to a job and when they arrived at a job;

    d. Defendant required Geeo and the putative Collective Action Members to call dispatch when they had completed a job, and dispatch would then send Geeo and the putative Collective Action Members their next jobs via the field app;

    e. Geeo and the putative Collective Action Members were required to purchase and wear "Kiwi Services" uniforms;

    f. Defendant charged Geeo and the putative Collective Action Members "rental fees" for the cleaning equipment and chemicals they used to do their jobs, including, but not limited to, a high-powered vacuum cleaner, carpet buffer, carpet buffing pads, and cleaning chemicals. The rental fees were charged at rates unilaterally determined by Defendant and were charged per business day in a pay period, whether Geeo and the putative Collective Action Members worked or not;

g. Defendant set forth the required procedures to be followed and the order and manner in which Geeo and the putative Collective Action Members were to perform their work;

h. Defendant required Geeo and the putative Collective Action Members to use the chemical buffing method, as opposed to the steaming method, when cleaning carpets;

i. Defendant required Geeo and the putative Collective Action Members to submit information on completed jobs to Defendant through the field app;

j. Geeo's and the putative Collective Action Members' services were integrated into Defendant's operations. Indeed, without Sales Technicians, Defendant's business cannot exist;

k. Geeo and the putative Collective Action Members constituted the workforce without which Defendant could not perform its services;

l. Geeo and the putative Collective Action Members worked for Defendant for long periods of time, as is common with employees;

m. Defendant required Geeo and the putative Collective Action Members to execute non-competition agreements, limiting the ability of Geeo and the putative Collective Action Members to provide services to competitors of Defendant; and

n. Defendant maintained the right to discharge Geeo and the putative Collective Action Members at any time.

28. Geeo regularly worked overtime hours for Defendant, sometimes working up to 80 hours in a workweek.

29. For this work, Geeo and the putative Collective Action Members were paid on a commission basis. Specifically, Defendant paid Geeo and the putative Collective Action Members a percentage of the total job price of each job that they completed. However, Geeo and the putative Collective Action Members were not paid any additional compensation when they worked more than 40 hours per workweek.

30. During all times relevant, Defendant employed numerous Sales Technicians in connection with their cleaning and restoration services business who are/were similarly situated to Geeo. Those employees were also paid on a strictly commissions basis. Those employees also routinely worked (and work) in excess of 40 hours in a workweek. Defendant similarly misclassified those individuals as independent contractors and failed to compensate those individuals all due and owing overtime pay.

## V.  FLSA CLAIMS

31. Geeo incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.  FLSA Allegations

32. The FLSA applied to Geeo and the putative Collective Action Members when they worked for Defendant.

33. At all relevant times, Geeo and the putative Collective Action Members were misclassified as independent contractors.

34. During the relevant time period, Geeo and the putative Collective Action Members did not receive any overtime premium pay they were owed when they worked over 40 hours in a workweek.

35. This failure of Defendant to pay overtime premium pay to Geeo and the putative Collective Action Members was a violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

B. **Collective Action Allegations**

36. Geeo seeks to bring his claim under the FLSA individually and on behalf of all individuals who worked as Sales Technicians on behalf of Defendant and were misclassified as independent contractors at any time from the three-year period prior to the filing of this lawsuit to the present. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

37. On information and belief, the class of putative Collective Action Members consists of hundreds of individuals who had the same or similar job title and duties as Geeo who worked for Defendant in the Dallas, Houston, and Austin, Texas metro areas; the Atlanta, Georgia metro area; the Denver, Colorado metro area; and/or the Phoenix, Arizona metro area.[1]

38. Geeo has actual knowledge that putative Collective Action Members have been denied overtime premium pay for hours worked over 40 in a workweek. Geeo worked with other Sales Technicians who were employed by Defendant. This resulted in personal knowledge of the treatment of those co-workers. Furthermore, other Sales Technicians have shared with Geeo that they experienced similar pay violations as those described in this Complaint.

39. The putative Collective Action Members are similarly situated to Geeo in all relevant respects, having worked as Sales Technicians while being misclassified as independent contractors and paid on a strictly commissions basis without receiving any due and owing overtime wages for hours worked over 40 in a workweek.

---

[1] https://kiwiservices.com/service-areas/

40. The putative Collective Action Members regularly work or have worked in excess of 40 hours in a workweek.

41. Defendant's failure to pay all due and owing overtime wages for hours worked over 40 in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Action Members.

42. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

43. Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

44. Geeo proposes that the class of putative Collective Action Members be defined as:

> All individuals who worked as Sales Technicians while misclassified as independent contractors companywide at any time from the three-year period prior to the filing of this lawsuit to the present.

45. Geeo reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

46. Geeo further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VI.   CAUSE OF ACTION

**A. Claim for Relief as to Geeo and the Putative Collective Action Members – Violation of the FLSA: Failure to Pay Overtime.**

47. Geeo incorporates all allegations contained in the foregoing paragraphs.

48. 29 U.S.C. § 216(b) allows Geeo to assert an FLSA claim on behalf of himself and all others similarly situated. Geeo asserts this claim on behalf of himself and all similarly situated

9

individuals in the class defined above, who worked for Defendant at any time from the date three years prior to the date the Complaint was originally filed continuing through the present. All requirements for a collective action have been met.

49. 29 U.S.C. § 207 requires Defendant to pay all employees for each hour worked in excess of 40 at a rate equal to one and one-half times the regular rate of pay.

50. Defendant failed to pay Geeo and the putative Collective Action Members overtime.

51. Based on the foregoing, Geeo and the putative Collective Action Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendant.

52. Defendant's conduct was willful and with the intent to avoid paying them overtime and other benefits to which they are legally entitled.

53. Geeo and the putative Collective Action Members are not exempt from the overtime requirements of the FLSA.

54. The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Geeo and the putative Collective Action Members are entitled to recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

55. 29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

56. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee during the workweek.

57. To the extent that Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Geeo and the putative Collective Action Members comprehensive statements showing the hours they worked during the relevant time period, Defendant also violated the law in that regard.

58. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

59. The U.S. Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

60. Based on the foregoing, on behalf of himself and the putative Collective Action Members, Geeo seeks unpaid overtime at the required legal rates for all their work during the relevant time period, an equal amount in liquidated damages, attorneys' fees, costs, post-judgment interest, and any other relief allowed by law. Moreover, on behalf of himself and the putative

Collective Action Members, Geeo specifically pleads recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

61.   Geeo hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

62.   Plaintiff Daniel Geeo asks that the Court issue a summons for Defendant to appear and answer, and that Geeo and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages, including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   c. Costs of action incurred herein, including expert fees;

   d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

   e. Post-judgment interest; and

   f. Such other relief as the Court may deem just and proper.

Dated:  November 9, 2021

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
djs@kilgorelaw.com
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

-and-

**SHELLIST LAZARZ SLOBIN, LLP**

MELINDA ARBUCKLE
State Bar No. 24080773
marbuckle@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

**ATTORNEYS FOR PLAINTIFF
DANIEL GEEO AND THE PUTATIVE
COLLECTIVE ACTION MEMBERS**